IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ALVIN ROBERTSON and CYNTHIA ROBERTSON, individually and as guardians ad litem for their minor child CR,<br><br>Plaintiffs,<br><br><br>vs.<br><br><br>RED ROCK CANYON SCHOOL, LLC, et al.,<br><br>Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 2:05-CV-758 TC |

This civil rights action under 42 U.S.C. § 1983 (Plaintiffs also allege state common law causes of action) comes before the court on the Defendants' Motion to Dismiss or, in the Alternative, to Stay Proceedings.[1]  The Defendants' motion has two bases.  First, Defendants seek dismissal under Federal Rule of Civil Procedure 12(b) based on statute of limitations and jurisdictional questions, as well as the Plaintiffs' purported failure to state a claim upon which relief may be granted.  Among other things, the Defendants contend that the complaint fails to state a claim under § 1983 because the allegations do not establish that the Defendants were acting under color of state law.  Second, the Defendants contend in the alternative that the court should dismiss or stay the case under the abstention doctrines set forth in Colorado River Water

---

[1]The Defendants' Motion to Strike the Affidavit of Joel Hoffman and the Declaration of Thomas M. Burton is also pending.

Conservation Dist. v. United States, 424 U.S. 800 (1976), and Younger v. Harris, 401 U.S. 37

(1971).  The Defendants base their abstention arguments on the existence of a pending state court

proceeding (which pre-dates this litigation by four years) between essentially the same parties

and concerning the same events.

For the reasons set forth below, the court finds that the Defendants correctly contend that

the complaint fails to state a claim under 42 U.S.C. § 1983, and so Plaintiffs' civil rights claim is

dismissed.  As for the remaining state law claims,[2] the court finds that exceptional circumstances

justify a stay of those claims under the Colorado River abstention doctrine, and so Defendants'

request for a stay is granted.

### BACKGROUND[3]

Plaintiffs Alvin and Cynthia Robertson are the parents of minor child CR.  Defendant

Red Rock Canyon School, LLC, is a specialized boarding school for "at-risk" youths.  When the

events giving rise to this suit occurred, CR was enrolled in and lived at Red Rock in St. George,

Utah.  On September 13, 2001, CR was sexually assaulted by another student with whom CR had

been housed.

In November 2001, Alvin and Cynthia Robertson filed, on behalf of CR, a Complaint for

Declaratory Relief against Red Rock Canyon School, LLC, in the Fifth Judicial District Court (in

the City of St. George, Washington County) for the State of Utah.  They later amended their

complaint in January 2002 (a copy is attached as Exhibit A to the Defendants' Memorandum in

---

[2]The court has diversity jurisdiction over the state law claims.

[3]Facts are taken from the allegations in Plaintiffs' Complaint, all of which are to be taken
as true at this stage.

Support of their Motion to Dismiss).  They asserted a cause of action for negligence based on

events surrounding the sexual assault of CR that occurred while CR was enrolled in Red Rock.

That case is still pending in state court.

On September 12, 2005, the Robertsons filed, individually and on behalf of CR, a

"Complaint for Negligence; Intentional Infliction of Emotional Distress; Negligent Infliction of

Emotional Distress; Fraud; and Violation of Civil Rights" against Red Rock Canyon School,

LLC, and related parties.[4]  That is the case before the court now.

According to Plaintiffs' allegations, Plaintiffs Alvin and Cynthia Robertson placed their

twelve-year-old son, CR, in the Red Rock Canyon School

> on [the school's] express promise that no adjudicated or sexually deviant students
> were enrolled.  After a month [during which CR was] beaten, berated and urinated
> on by other students, Red Rock . . . housed CR in another unit with two other boys
> who were older, bigger, and known by Red Rock to be seriously abused sexual
> predators.  The very night, September 13, 2001, that Red Rock moved CR to [the
> new] unit, [CR] was sodomized by a 16 year-old boy [living in the unit] in the
> absence of the Red Rock monitor. . . . Red Rock delayed notifying the parents and
> authorities of the attack while trying to cover it up and get CR to deny it.

(Compl. ¶¶ 1-3.)

All of the Defendants are private entities or individuals.  The first defendant is Red Rock

Canyon School, LLC, and the second defendant, also called Red Rock Canyon School, is a not-

for-profit organization.  Melanie Habibian is the owner and Chief Executive Officer of Red

Rock, Sherman Habibian is the Unit Manager for Red Rock, and J. Todd Hockenbury is Red

Rock's Admissions Director.  (Compl. ¶¶ 6-8.)  Plaintiffs assert a number of state law claims

---

[4]At the time the Plaintiffs filed their federal complaint, the state court had issued an order
compelling them to produce CR for a deposition.  They were facing the possibility of sanctions
for failing to cooperate in discovery.

against all of the Defendants, as well as a civil rights claim under 42 U.S.C. § 1983 against the individual defendants.  Plaintiffs' claims arise out of the events surrounding the September 13, 2001 sexual assault of CR.

Defendants, instead of answering the Plaintiffs' Complaint, filed their Motion to Dismiss or, in the Alternative, to Stay Proceedings.

## ANALYSIS

**A.**   **Legal Standard for a 12(b)(6) Motion to Dismiss**

A court should grant a motion to dismiss when the complaint, viewed in the light most favorable to the plaintiff, fails to state a claim on which relief can be granted.  See Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006) (all well-pleaded factual allegations of the complaint are accepted as true and viewed in the light most favorable to the nonmoving party); accord Dill v. City of Edmond, 155 F.3d 1193, 1201 (10th Cir. 1998).  While well-pleaded factual allegations are accepted as true, the court makes its own determination on legal issues. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  Granting dismissal is only appropriate when "it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim."  Gas-A-Car, Inc. v. Am. Petrofina, Inc., 484 F.2d 1102, 1107 (10th Cir.1973).

**B.**   **Plaintiffs' § 1983 Civil Rights Claim and the State Action Doctrine**

The Plaintiffs bring a claim under 42 U.S.C. § 1983.  That statutory provision provides, in relevant part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities

secured by the Constitution and laws, shall be liable to the party injured in an
action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983 (emphasis added).  Based on the language of the statute, to state a cause of

action for violation of civil rights under § 1983, the Plaintiffs must allege facts sufficient to

establish state action.

> In order to establish state action, a plaintiff must demonstrate that the alleged
> deprivation of constitutional rights was "caused by the exercise of some right or
> privilege created by the State or by a rule of conduct imposed by the State or by a
> person for whom the State is responsible."  In addition, "the party charged with
> the deprivation must be a person who may fairly said to be a state actor." . . . .
>
> [A] plaintiff must demonstrate that "there is a sufficiently close nexus" between
> the government and the challenged conduct such that the conduct "may be fairly
> treated as that of the State itself."

Gallagher v. Neil Young Freedom Concert, 49 F.3d 1442, 1447 (10th Cir. 1995) (emphasis

added) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)).

The Defendants—Red Rock Canyon School, LLC; Red Rock Canyon School Non-Profit

Organization; Melanie Habibian; Sherman Habibian; and J. Todd Hockenbury—are not alleged

to be governmental entities or governmental employees.  So the central question here is whether

"the alleged infringement of federal rights [is] 'fairly attributable to the State' [or other

governmental entity]."  Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982).

In their Complaint, the Plaintiffs allege, on information and belief, that "Red Rock [an

entity licensed by the State of Utah] receives significant amounts of government money to

sustain its operations because some of the 'students' are placed at Red Rock by local school

districts, Indian tribes, or other government programs for adjudicated or at-risk youth."  (Compl.

¶ 38.)  Paragraph thirty-eight of the Plaintiffs' Complaint is the extent of Plaintiffs' allegations

regarding state action.  No other allegations imply, much less expressly describe, any purported connection between Red Rock and any governmental entity.

According to the Tenth Circuit, "extensive state regulation, the receipt of substantial [government] funds, and the performance of important public functions do not necessarily establish the kind of symbiotic relationship between the government and a private entity that is required for state action."  Gallagher, 49 F.3d at 1451.  Even where regulation and funding exist, state action is not present "[a]bsent any showing that the state directed, controlled, or influenced" the specific action at issue in the case.  MacDonald v. E. Wyo. Mental Health Ctr., 941 F.2d 1115, 1118 (10th Cir. 1991).  Even reading the allegations in a light most favorable to the Plaintiffs, the court cannot discern any possible allegation that a governmental entity "directed, controlled, or influenced" the actions at issue in this case.  The required nexus is simply not there.  See Gallagher, 49 F.3d at 1447 ("a plaintiff must demonstrate that 'there is a sufficiently close nexus' between the government and the challenged conduct such that the conduct 'may be fairly treated as that of the State itself'") (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982));  cf. Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 291 (2001) (holding that regulatory activity of statewide association incorporated to regulate interscholastic athletic competition of public and private secondary schools "should be treated as state action owing to the pervasive entwinement of state school officials in the structure of the association") (emphasis added).

The Plaintiffs unpersuasively attempt to equate the factual situation of Red Rock to that of Provo Canyon School in Milonas v. Williams, 691 F.2d 931 (10th Cir. 1981).  According to Plaintiff, the court in Milonas held that:

> [T]he owners and operators of the Provo Canyon School, a private school for
> youths with behavioral problems, were acting 'under color of state law' . . .
> [because] many students were placed at school involuntarily by juvenile courts
> and other state agencies[,] . . . detailed contracts were drawn up by [the] school
> administrator and agreed to by local school districts placing youths at the school,
> . . . there was significant state funding of tuition, and . . . there was extensive state
> regulation of the education program at the school.

(Pls.' Mem. Opp'n (Dkt # 18) at 10.)  Milonas is distinguishable on its facts, particularly because

the Milonas plaintiffs established a nexus between the action at issue (use of an unconstitutional

behavior modification program) and the state's involvement (placing juveniles in the program

against their will).

In this case, the United States Supreme Court decision in Rendell-Baker v. Kohn, 457

U.S. 830 (1982), is particularly persuasive.  In Rendell-Baker, the Court addressed § 1983 claims

brought by a former employee of a not-for-profit school specializing in "dealing with students

who have experienced difficulty completing [their studies in] public high schools; many have

drug, alcohol, or behavioral problems, or other special needs."  457 U.S. at 831-32.  The plaintiff

claimed that she was discharged from her employment without due process because she

exercised her First Amendment rights.  Id. at 834.  The school in Rendell-Baker received at least

ninety percent of its budget from government sources.  Almost all of its students were referred by

the cities of Brookline or Boston, Massachusetts, or the Massachusetts Department of Mental

Health.  Essentially all of the students' tuition was paid with government monies.  The school

issued diplomas certified by the Brookline School Committee.  And the school was heavily

regulated by the cities of Boston and Brookline.  Id. at 832-33.

But the Court found no state action.  "[A]lthough the State regulated the school in many

ways, it imposed few conditions on the school's personnel policies."  Id. at 836.  The school was

managed by a private board, and the State of Massachusetts had "relatively little involvement in

personnel matters" at the school.  Id.  "The school, like nursing homes, is not fundamentally

different from many private corporations whose business depends primarily on contracts to build

roads, bridges, dams, ships, or submarines for the government.  Acts of such private contractors

do not become acts of the government by reason of their significant or even total engagement in

performing public contracts."  Id.  Indeed, "the decisions to discharge the petitioners were not

compelled or even influenced by any state regulation."  Id. at 841.  In addition to the lack of state

involvement in the action at issue, the Court also considered that "the school's receipt of public

funds does not make the discharge decisions acts of the State."  Id. at 840.  Furthermore, the

Court found that although "the education of maladjusted high school students is a public

function, . . . that is only the beginning of the inquiry. . . .  That a private entity performs a

function which serves the public does not make its acts state action."  Id. at 842.

      Here, the Plaintiffs do not allege that Red Rock was managed by an entity or individual

directly associated with a governmental entity.  The Plaintiffs do not allege that Red Rock's

decision to house CR in another unit with unsupervised sexual predators was in any way

directed, controlled, or influenced by a governmental entity.  See MacDonald v. E. Wyo. Mental

Health Ctr., 941 F.2d 1115, 1118 (10th Cir. 1991) ("Even where such regulation and funding are

present, state action will not be found absent evidence of state influence, involvement, or control

over the . . . decisions which are the subject of challenge").  The same can be said about the

allegations that Red Rock delayed in reporting the crime to authorities, delayed reporting the

assault to CR's parents, attempted to cover up the crime, and tried to convince CR to recant his

story.  There is no nexus with a governmental entity.

The Plaintiffs' allegations, no matter how favorably viewed, are insufficient to establish

state action.  Accordingly, the Plaintiffs' cause of action under 42 U.S.C. § 1983 is dismissed.

### C.      The *Colorado River* Abstention Doctrine

The Defendants contend that the court should stay this action under the Colorado River

abstention doctrine.[5]  The court agrees.

The Colorado River abstention doctrine was set forth in Colorado River Water

Conservation Dist. v. United States, 424 U.S. 800 (1976).  The doctrine provides that

> federal courts may decline to exercise their jurisdiction, in otherwise "'exceptional
> circumstances'" where denying a federal forum would clearly serve an important
> countervailing interest, for example, where abstention is warranted by
> considerations of "proper constitutional adjudication," "regard for federal-state
> relations," or "wise judicial administration."

Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996) (internal citations omitted) (quoting

Colorado River, 424 U.S. at 813, 817).  Stated another way, "federal courts have the power to

refrain from hearing . . . cases which are duplicative of a pending state proceeding."  Id. at 717

(citing Colorado River, 424 U.S. at 817); accord Rienhardt v. Kelly, 164 F.3d 1296, 1302 (10th

Cir. 1999) ("the Colorado River Doctrine was adopted to avoid duplicative litigation").

---

[5]Defendants also contend that the court should stay the action based on the Younger
abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971).  "Younger abstention
dictates that federal courts not interfere with state court proceedings by granting equitable
relief–such as injunctions of important state proceedings or declaratory judgments regarding
constitutional issues in those proceedings–when such relief could adequately be sought before the
state court."  Rienhardt v. Kelly, 164 F.3d 1296, 1302 (10th Cir. 1999).  Younger abstention is
not appropriate here because the state action does not involve an important state interest, as that
has been defined in Younger abstention doctrine cases.  See, e.g., Pennzoil Co. v. Texaco, Inc.,
481 U.S. 1, 14-15 (1987) (finding "processes by which the State compels compliance with the
judgments of its courts" to be important state interest);  J.B. v. Valdez, 186 F.3d 1280, 1291
(10th Cir. 1999) (parties agreed that the state had important interest in the care, disposition, and
welfare of disabled children in its custody).

> Because the <u>Colorado River</u> Doctrine springs from the desire for judicial economy, rather than from constitutional concerns about federal-state comity, and because the <u>Colorado River</u> Doctrine is an exception to our jurisdictional mandate from Congress, the Doctrine may only be used when "the clearest of justifications . . . warrant[s] dismissal."

<u>Rienhardt</u>, 164 F.3d at 1303 (quoting <u>Colorado River</u>, 424 U.S. at 817).

### 1. Parallel State and Federal Proceedings

Before determining whether "exceptional circumstances" exist, the court must determine whether the state and federal proceedings are parallel. <u>Fox v. Maulding</u>, 16 F.3d 1079, 1081 (10th Cir. 1994). "'Suits are parallel if substantially the same parties litigate substantially the same issues in different forums.'" <u>Id.</u> (quoting <u>New Beckley Mining Corp. v. Int'l Union, UMWA</u>, 946 F.2d 1072, 1073 (4th Cir. 1991)). Rather than considering how the state proceedings could have been brought, the court must "examine the state proceedings *as they actually exist* to determine whether they are parallel to the federal proceedings." <u>Id.</u> (emphasis in original). This approach assures that the state court suit will be "'an adequate vehicle for the complete and prompt resolution of the issue between the parties. . . .'" <u>Id.</u> (quoting <u>Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 28 (1983)).

The parties in the federal action are not identical to those in the state action. In the state proceeding, Alvin and Cynthia Robertson brought the suit on behalf of CR. They did not bring it in their individual capacities. And only Red Rock LLC is named as a defendant in the state suit. But the requirement is that the parties be substantially similar, not identical. Certainly the events giving rise to both lawsuits are the same, and the parties' interests are intertwined. <u>See</u> <u>D.L. v. Unified Sch. Dist. No. 497</u>, 392 F.3d 1223, 1230 (10th Cir. 2004) (holding that familial relationship between mother and minor child and relationship between employee and employer

were sufficient to find that parties were identical for purposes of <u>Younger</u> abstention).  Given the

circumstances of this case, the court finds that the parties are substantially similar.

The issues are also substantially similar.  Although only a claim of negligence is raised in

the state action (as opposed to negligence and intentional torts raised in the federal action),[6] the

events giving rise to the claims are the same.  And the Plaintiffs have not presented any reason

why they could not assert the additional torts in state court.  The state court certainly has the

jurisdiction to consider such claims.

For these reasons, the court finds that the proceedings are parallel.  The next step is to

consider whether exceptional circumstances exist.

## 2.        Exceptional Circumstances

Courts have set forth a non-exhaustive list of factors to consider when determining

whether exceptional circumstances exist.  These include whether either court has assumed

jurisdiction over property, whether the federal forum is inconvenient, whether the litigation is

piecemeal, whether the state action was filed first, whether the federal action is vexatious or of a

reactive nature, whether the state court action would adequately protect the federal plaintiff's

rights, and whether the party opposing abstention has engaged in impermissible forum shopping.

<u>Fox v. Maulding</u>, 16 F.3d 1079, 1082 (10th Cir. 1994).  "Rather than use the factors as a

'mechanical checklist,' a court should engage in 'a careful balancing of the important factors as

they apply in a given case, with the balance heavily weighted in favor of the exercise of

---

[6]Plaintiffs assert, along with negligence, claims for intentional and negligent infliction of emotional distress and fraud.  The court does not consider the § 1983 claim, which has been dismissed, as discussed above.

11

jurisdiction.'" Id. (quoting Moses H. Cone, 460 U.S. at 16).

The first two factors (jurisdiction over property and forum inconvenience) do not apply here.  But the remaining factors do.

For instance, there is no question that the Plaintiffs are engaging in piecemeal litigation. There is no reason why the other torts could not have been brought in state court at the same time the negligence claim was filed.  Moreover, the state action was filed first (it pre-dates this action by four years) and is substantially farther along.  Indeed, discovery is apparently almost completed in the state action, whereas an answer has yet to be filed in this case.

Although the Defendants suggest that the Plaintiffs filed the federal lawsuit to avoid the state court's order compelling them to produce CR for a deposition (or face sanctions for failure to do so), the evidence in the record is inconclusive on this point.  But the Plaintiffs (who have apparently hired and fired a series of attorneys during the four-year state litigation, including their most recent attorney who filed an appearance this year) candidly admit that they "have filed this action to get a speedier adjudication than the dragging state court action has produced" and "to be out of St. George where the jury pool will contain many people who either appreciate or benefit from the economic contribution that Red Rock Canyon School and its many proliferating likenesses bring to the local economy."  (Pls.' Mem. Opp'n at 10.)  This is impermissible forum shopping, which is another factor to consider.

Even though abstention is the exception rather than the rule, it is appropriate in this unique case.  The circumstances compel abstention.  The Plaintiffs offer no valid excuse why they now wish to abandon a forum they voluntarily chose four years ago (and which they have utilized since).  They offer no valid excuse why they could not have raised all of their claims in

state court.  They admittedly are engaged in forum shopping.  They admittedly have chosen the

federal forum with the belief (rightly or wrongly) that they will receive a fairer, faster

adjudication of their claims.  And the events giving rise to the allegations in the state court action

are the very same events giving rise to the allegations in the federal action.  This is duplicative,

piecemeal litigation.  For these reasons, the court abstains from exercising jurisdiction over the

Plaintiffs' remaining state law claims.

## ORDER

For the foregoing reasons, the court ORDERS as follows:

1.     The Defendants' Motion to Dismiss or, in the Alternative, to Stay Proceedings

(Dkt # 7) is GRANTED IN PART and DENIED IN PART.  Plaintiffs' § 1983 Claim is

DISMISSED under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

The remaining state law claims are STAYED under the Colorado River Doctrine pending

resolution of the parallel court proceeding in the Fifth Judicial District Court (in the City of St.

George, Washington County) for the State of Utah (Civil Case No. 010502251).

2.     The Defendants' Motion to Strike (Dkt # 24) is DENIED AS MOOT.

DATED this 24th day of October, 2006.

BY THE COURT:

TENA CAMPBELL
United States District Judge