IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALVIN ROBERTSON, CYNTHIA ROBERTSON, and CHASE ROBERTSON,<br><br>Plaintiffs,<br><br>vs.<br><br>RED ROCK CANYON SCHOOL, LLC., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING IN PART AND GRANTING IN PART MOTION TO PRECLUDE PLAINTIFFS' EXPERT WITNESSES<br><br>Case no. 2:05-cv-758 TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

Defendant Red Rock Canyon School, LLC. (Red Rock) operates a residential treatment facility for troubled youth.[1] Plaintiffs Alvin and Cynthia Robertson placed their son, Plaintiff Chase Robertson, into this program sometime in 2001.[2] On September 13, 2001, Plaintiff Chase Robertson was sexually assaulted by another youth housed in the same room.[3] Plaintiffs have subsequently received treatment and therapy regarding this incident.[4]

Plaintiffs originally filed suit in Utah state court, and soon thereafter filed a parallel suit in federal court.[5] During discovery in the state action, Defendants filed a Designation of Expert Witnesses with the state court, which designated numerous "percipient" witnesses who "may render expert opinions."[6] In subsequent correspondence between the Defendants and Plaintiffs,

---

[1] *See* First Amended Complaint at 2, docket no. 45, filed March 3, 2008.
[2] *Id.* at 5.
[3] *Id.* at 6.
[4] Opposition to Motion to Preclude Expert Testimony (Opposition Memorandum) at 2, docket no. 54, filed June 17, 2008.
[5] Memorandum in Support of Defendants' Motion to Preclude Plaintiffs' Expert Witnesses, or in the Alternative, for an Order Extending Expert Witness Disclosure Deadlines (Memorandum in Support) at 2, footnote 1, docket no. 52, filed May 21, 2008.
[6] Designation of Expert Witnesses (State Designation of Expert Witnesses), filed in Case No. 010502251 in the Fifth District Court, Washington County, State of Utah, attached as Exhibit C to Memorandum in Support, attachment 1 of docket no. 52, filed May 21, 2008.

Plaintiffs stated they intend to rely "primarily on the testimony of Warren W. Sibilla, Ph.D. and Janene M. Donarski, MSW."[7]  On November 19, 2007 Plaintiffs voluntarily dismissed the parallel state action and proceeded with this federal suit.  According to the Scheduling Order to which both Plaintiffs and Defendants consented, Plaintiffs' expert witnesses' reports were to be produced by April 1, 2008.[8]  Defendants allege that Plaintiffs failed to meet the expert witness deadline set by the scheduling order,[9] and that the written expert report of Warren W. Sibilla submitted on May 20, 2008, did not conform with disclosure requirements of Rule 26(a)(2)(B).[10]  Defendants contend that the Plaintiffs' actions violate the Scheduling Order, and argue that under Fed. R. Civ. P. 37(c)(1) the court should preclude the designated witnesses from testifying.  In the alternative, defendants ask that the expert witness discovery deadline be extended by 90 days.[11]

Plaintiffs also recently filed a Designation of Expert Witnesses in this case (Federal Designation of Expert Witnesses), "listing 19 'percipient treating practitioners, who may, in addition, render expert opinions on the following subjects,' including that their opinion that that [sic] the alleged 'attack at Redrock Canyon School proximately caused and contributed to Chase's personal injuries . . . that are separate and apart from his sufferings and disabilities due to grief, low IQ, and Aspergers Syndrome.'"[12]  These "experts" will also testify that "[t]he attack at Redrock [sic] Canyon School proximately caused and contributed to the need for continuing

---

[7] Letter from Thomas M. Burton to Andrew M. Morse (February 1, 2007), exhibit G to Memorandum in Support, attachment 1 of docket no. 52, filed May 21, 2008.
[8] Scheduling Order, attached as Exhibit H to Memorandum in Support, attachment 2 of docket no. 52, filed May 21, 2008.
[9] Memorandum in Support at 6.
[10] *Id.* at 6-7.
[11] Defendants' Motion to Preclude Plaintiffs' Expert Witnesses, or in the alternative, for an Order Extending Expert Witness Disclosure Deadlines, docket no. 51, filed May 21, 2008.
[12] Reply Memorandum in Support of Defendants' Motion to Preclude Plaintiffs' Expert Witnesses at 2, docket no. 56, filed July 23, 2008 (quoting from the Federal Designation of Expert Witnesses, attached to the reply memorandum as Exhibit A).

counseling, assessments, and placements that will likely be necessary for the rest of Chase Robertson's life."[13]

Plaintiffs contend that Rule 26(a)(2)(B) disclosure requirements do not apply to witnesses which are "percipient witnesses." "Plaintiffs have repeatedly told Defendants that they have not retained and did not plan to retain any expert witnesses regarding any issue in this case. All their expert witnesses are percipient on what the attack has wrought."[14] Plaintiffs state in their designations of expert witnesses that the designated witnesses are percipient treating practitioners who will testify regarding the liability of defendants, causation, and damages, and the need for continuing treatment.[15] Plaintiffs further contend designation of expert witnesses is unnecessary because "there is no medical practice to be assessed as mal and residential treatment centers have no standard of care to be measured."[16] In other words, Plaintiffs believe that expert medical testimony is only needed when medical practice is at issue, which they now say is "an alternative ground" of recovery.[17]

## Discussion

### A. Percipient Witnesses

A percipient witness is an individual who, though an expert, derives an opinion by virtue of the witness's role as either an "actor[] or viewer[] of the transaction[] or occurrence[] giving rise to the litigation."[18] Specifically, in the healthcare professions, percipient witnesses are generally treating physicians or healthcare professionals whose opinions arise from treatment of

---

[13] Federal Designation of Witnesses at 4.
[14] Opposition Memorandum at 3.
[15] Designation of Expert Witnesses, *supra* note 6, at 2-4.
[16] Letter from Thomas Burton to Andrew Morse, dated January 19, 2007, attached as Exhibit E to Memorandum in Support.
[17] Opposition Memorandum at 4.
[18] *Nowak v. Nierthaler*, No. 98 1044 WEB, 1999 WL 34804337, at *1 (D. Kan. Sept. 3, 1999) (quotations and citations omitted).

3

a patient "during the pertinent time period."[19] Treating physicians, as percipient witnesses, are permitted to testify regarding causation, prognosis, and diagnosis "arising out of the treatment without any expert report."[20] However,

> It is critical to determine when the testimony of the treating physician is no longer that of merely an observer or actor in the occurrence and becomes that of an expert witness. There is no single bright line test to use in this determination. This court is comfortable with viewing the treating physician as a fact witness if the testimony concerns information, conclusions and opinions which were obtained in the course of treating the party and which were necessary to make in rendering this treatment. Opinion testimony on the previous care given to the party or on medical matters unrelated to the actual care and treatment eventually administered to the party elevates the treating physician to the status of an expert witness covered by Rule 26(b)(4).[21]

This determination helps prevent parties from "smuggling in expert testimony" by evading the required disclosure under the guise of treating physician.[22] Further, opinion testimony as to the "previous care given to the party . . . elevates the treating physician to the status of an expert witness."[23] Moreover, a party's submission of partial expert reports often raises questions about the witness' true status.[24]

Here, Dr. Sibilla does not qualify as merely a percipient witness. Additionally, any witnesses testifying regarding treatment distant from the relevant time surrounding the sexual assault or any witnesses relying on the record of treatment by others will not qualify as percipient witnesses.

The requirement that the percipient witness be an "actor or viewer of the transactions or occurrences giving rise to the litigation . . . during the pertinent time period" is determinative. Dr. Warren W. Sibilla, one of the contested designated witnesses, completed his psychological

---

[19] *Id.* (quotations and citations omitted).
[20] *Hildebrand v. Sunbeam Prods., Inc.*, 396 F. Supp. 2d 1241, 1250 (D. Kan. 2005).
[21] *McReynolds v. Bigler,* No. 88-1343-C, 1990 WL 129454, at *3 (D. Kan. Aug. 6,1990).
[22] *See Witherspoon v. Navajo Ref. Co.,* No. CIV 03-1160 BB/LAM, 2005 WL 5988650, at *1 (D.N.M. June 28, 2005).
[23] *McReynolds, 1990 WL 129454,* at *3.
[24] *See Witherspoon,* 2005 WL 5988650, at *2.

assessment of Plaintiff Chase Robertson on January 7, 2005, nearly four years following the alleged wrongful acts giving rise to the litigation.[25] While there is no hard and fast rule regarding sufficient time duration to preclude a witness as being "percipient," the witnesses involved in the post-incident treatment are not shown to satisfy this requirement.

Further, the intended testimony of the subject witnesses will go beyond what has been determined as permissible testimony for percipient witnesses. Plaintiffs state that the percipient witnesses will testify, inter alia, as to causation and damages.[26] Such testimony is beyond the permissible scope of percipient witnesses, who are relegated to testifying solely about their treatment.[27]

Additionally, formulation of some of the experts' opinions will apparently be based upon evaluations not from their own treatment, but rely in part on the diagnoses, evaluations, and analyses of other practitioners.[28] For example, the reliance of Dr. Sibilla upon other practitioners' diagnoses in the formulation of his opinion contradicts the criteria for percipient witness designation.[29]

Therefore, practitioners who were involved treatment following in the alleged wrongful act will be allowed to testify as percipient witnesses. Witnesses who otherwise plan to testify as to causation, damages, and liability are required to comply with disclosure under Fed. R. Civ. P. 26(a)(2)(B).[30]

---

[25] Diagnostic Schematic Report, attached as Exhibit J to Memorandum in Support, attachment 2 to docket no. 52, filed on May 21, 2008.
[26] *See* State Designation of Expert Witnesses, *supra* note 6, at 2-4.
[27] *Wreath v. United States*, 161 F.R.D. 448, 449-50 (D. Kan. 1995).
[28] Diagnostic Schematic Report, *supra*, note 25, at 4-5.
[29] *Compare id. with Hilkene v. WD-40 Co.*, No. 04-2253-KHV-DJW, 2006 WL 2088311 (D. Kan. July 25, 2006).
[30] The factual issues in this case closely resemble those in *Maid O'Clover, Inc. v. Chevron USA Inc.*, No. CV033077EFS, 2005 WL 1287999 (E.D. Wash. May 31, 2005). That case also presented issues as to the admissibility of expert witnesses labeled as percipient witnesses, and likewise determined that any witnesses testifying outside knowledge gained directly from treating the patient during the relevant time periods could not testify as percipient witnesses. That case also, rather than granting a motion to preclude the expert testimony,

### B. Scheduling Order Compliance

A party failing to comply with the disclosure requirements of expert witnesses under 26(a)(2) without substantial justification or unless the failure was harmless will not be allowed to use as evidence at trial any witness or information not disclosed.[31] In determining whether a Rule 26(a)(2) violation is substantially justified or harmless, the court should consider the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[32] If there is no prejudice to the party entitled to the disclosure, then the failure is considered harmless.[33]

Although the Plaintiffs failed to comply with the scheduling order by providing expert witness disclosure by April 1, 2008, this failure is remediable. The trial date is April 13, 2009, nearly two years away. The error is curable by extending timeframes to allow correction of the error without summarily excluding the potential expert testimony.

### Order

IT IS HEREBY ORDERED that the motion to preclude plaintiffs' expert witnesses[34] is DENIED and the motion for an order extending expert witness disclosure deadlines is GRANTED in that expert witness disclosure deadlines are extended to accommodate both parties in obtaining the necessary expert witness disclosures. The new deadlines are:

    Plaintiffs' Expert Reports 9/1/08

    Defendants' Expert Reports 10/1/08

---

extended the discovery period to allow for proper disclosure following the judicial clarification regarding the application of Fed. R. Civ. P. 26(a)(2)(B).
[31] *See Wheeler v. FDL, Inc.*, No. 02-2444-CM, 2003 WL 22843172, at *1 (D. Kan. Nov. 17, 2003).
[32] *Allenbrand v. Louisville Ladder Group, LLC*, No. 05-2511-KHV-GLR, 2006 WL 2663529, at *3 (D. Kan. Sept. 15, 2006).
[33] *See Lerma v. Wal-Mart Stores, Inc.*, No. CIV 05-109 JC/RLP, 2006 WL 5186495 (D.N.M. Feb. 3, 2006).
[34] Motion to Preclude Plaintiffs' Expert Witnesses, or in the Alternative, for an Order Extending Expert Witness Disclosure Deadlines, docket no. 51, filed May 21, 2008.

       Rebuttal Reports 11/1/08

       Expert Discovery 12/31/08

       Dispositive Motions 11/15/08

IT IS FURTHER ORDERED that any of Plaintiffs' witnesses who are to testify as to causation, damages, liability, or the alleged wrongful acts as requiring continuing treatment or who derive opinions from sources other than direct treatment of the Plaintiff in the relevant time surrounding the sexual assault are to comply with disclosure required under Fed. R. Civ. P. 26(a)(2)(B).

       Dated this 30th day of July, 2008.

                         BY THE COURT:

                         _____
                         David Nuffer
                         United States Magistrate Judge