IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALVIN ROBERTSON, CYNTHIA ROBERTSON, and CHASE ROBERTSON, Plaintiffs, <br><br> vs. <br><br> RED ROCK CANYON SCHOOL, L.L.C., et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR RULE 35 IME AND MOTION TO MODIFY SCHEDULING ORDER <br><br> Case no. 2:05-cv-758 CW <br><br> District Judge Clark Waddoups <br><br> Magistrate Judge David Nuffer |

Defendant Red Rock Canyon School, L.L.C. (Red Rock) operates a residential treatment facility for troubled youth.[1] Plaintiffs Alvin and Cynthia Robertson placed their son, Plaintiff Chase Robertson, into the program sometime in 2001.[2] On September 13, 2001, Plaintiff Chase Robertson was sexually assaulted by another youth housed in the same room.[3] Plaintiffs allege "severe permanent personal injury and emotional distress" as a result of this assault.[4] "The mental and emotional health of Chase Robertson is a central issue."[5]

Defendants seek an independent medical examination of Plaintiff Chase Robertson proposed to take place in Utah, where Defendants' experts are licensed and located.[6] Plaintiffs oppose the examination for several reasons. Each argument below is followed by discussion of the merits.

---

[1] *See* First Amended Complaint at 2, docket no. 45, filed March 3, 2008.
[2] *Id.* at 5.
[3] *Id.* at 6.
[4] *Id.* at 10.
[5] Memorandum in Support of Rule 35 Motion for an Order Compelling Plaintiffs to Submit Chase Robertson to Independent Medical Examination in the State of Utah Before Dr. Sam Goldstein and Dr. David Corwin (Supporting Memorandum) at 3, docket no. 66, filed November 14, 2008.
[6] Defendants' Rule 35 Motion for an Order Compelling Plaintiffs to Submit Chase Robertson to Independent Medical Examination in the State of Utah Before Dr. Sam Goldstein and Dr. David Corwin, docket no. 65, filed November 14, 2008.

1

- "The disclosed defense experts are awash in Chase's psychological records"[7] and further data is unnecessary. "Red Rock's experts have all the clinical information they need from which to draw their intended conclusion that the homosexual attack had no effect on him."[8] "Dr. Goldstein, given his conclusion from the extensive records reviewed, does not explain why further assessment is necessary, as the conclusion above expressed is precisely the one he was hired to make."[9]

**Discussion**: While the defense experts have apparently reached a conclusion on the basis of the records to which they have access, it is clear that a first-hand evaluation would be much more reliable and comparable to the opportunity for first-hand evaluation which the Plaintiffs' treating professionals have enjoyed.

- "Dr. Goldstein [has not] stated what further testing is needed."[10]

**Discussion:** In advance of the first opportunity to meet with Plaintiff, the defense experts cannot be required to state what will be required or advisable. It is likely that the assessment will evolve as it proceeds. But Defendants have stated "Dr. Goldstein's IME . . . would include interviews and a battery of neuropsychological tests."[11] "The nature of a psychiatric IME is known to plaintiffs, because Chase has been through so many. He has been hospitalized in psychological units some thirteen-plus times, and has been examined and evaluated by at least a dozen psychologists outside of psych units . . . ."[12]

- "Andrew Morse extensively deposed Chase on February 22, 2006. The depositions were video recorded."[13] "The appropriate time for Chase to have been evaluated was when Chase was in Utah for the 2006 depositions."[14]

---

[7] Opposition to Motion to Produce Chase Robertson in Utah for an Independent Medical Evaluation Instead of in Florida Where He Lives and Is Under Court Supervision (Opposition) at 2, docket no. 68, filed November 26, 2008.
[8] *Id.* at 2-3.
[9] *Id.* at 4.
[10] *Id.* at 4-5.
[11] Reply Memorandum in Support of Rule 35 Independent Medical Examination (Reply) at 7, docket no. 72, filed December 2, 2008
[12] *Id.* at 6.
[13] Opposition at 2.
[14] *Id.* at 4.

**Discussion:**  The availability of a deposition over two years old is not sufficiently helpful for an evaluation which will be current and thus more probative at trial.  Videotaped examination by a lawyer is not at all comparable to a personal evaluation by a professional.

- "It cannot be helpful for him to be returned to the state that triggers facts causing his posttraumatic stress."[15]

- "Especially harmful to him will be to subject him to repetitive questioning about the attack, presumably either to get him to deny it or to undermine in subtle ways his credibility."[16]

- Chase Robertson "is trying to heal, and the proposed 'independent' medical examinations cannot fail to open up wounds that will impair that aim."[17]

**Discussion:**  These last three points are the most troubling and difficult.  But part of the due process to be afforded Defendants to ensure that they are able to fairly defend the claims is the opportunity for an independent medical examination.  The general concern about the invasive nature of such examinations supports the requirement of court authorization, and that the court "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it."[18]

The scope of the examination is not clear.  Plaintiff's counsel has stated the examination will take one-half day[19] and separately stated it would take a full day.[20]  He has also stated the examination would be conducted by Dr. Sam Goldstein and separately stated there would be two examinations, conducted by Dr. Sam Goldstein and Dr. Corwin.[21]

---

[15] *Id.* at 2.
[16] *Id.* at 2.
[17] *Id.* at 2.
[18] Fed. R. Civ. P. 35(a)(2)(B).
[19] Letter, Andrew Morse to Thomas M. Burton, October 31, 2008, attached as Exhibit 1 to Supporting Memorandum.
[20] Affidavit of Attorney Andrew M. Morse in Support of Reply Memorandum in Support of Rule 35 Independent Medical Examination (Affidavit of Andrew Morse) at 2-3 attached to Reply.
[21] Affidavit of Andrew Morse at 3.

However, it is clear that examination in Florida rather than in Utah will greatly increase costs for Defendants.[22] It is also clear that Defendants have concern about the behavior of Chase Robertson during the examination.[23] This requires that his father travel with him, which Defendants acknowledge.[24]

### ORDER

Based on the information before the court,

IT IS HEREBY ORDERED that the motion[25] is GRANTED on the following conditions:

- The examination shall take place in Salt Lake City, Utah on or before January 30, 2008.

- Defendants shall pay the cost of coach airfare and lodging (but not meals or other expenses) for Chase Robertson and his father from Miami to Salt Lake City.[26]

- The examination of Chase Robertson shall be conducted on two consecutive days, lasting for no more than four hours each day.

- The examination shall be video-recorded at Defendants' expense.

---

[22] *Id.* at 2-3. Defendants claim examination in Florida will cost $27,000, while travel to Utah will cost $3,000 for Chase Peterson and his father.

[23] Letter, Andrew Morse to Thomas M. Burton, October 31, 2008, attached as Exhibit 1 to Supporting Memorandum.

[24] Reply at 2, 7.

[25] Defendants' Rule 35 Motion for an Order Compelling Plaintiffs to Submit Chase Robertson to Independent Medical Examination in the State of Utah Before Dr. Sam Goldstein and Dr. David Corwin, docket no. 65, filed November 14, 2008.

[26] Neither party addressed cost shifting in their memoranda, but the court makes this order by virtue of its authority to "specify the time, place, manner, conditions, and scope of the examination . . . ." Fed. R. Civ. P. 35(a)(2)(B).

IT IS FURTHER ORDERED that the motion to amend the scheduling order[27] is GRANTED. The Expert reports of Dr. Goldstein and Dr. Corwin shall be filed two weeks after the date of the ordered examination.

Dated this 17th day of December, 2008.

BY THE COURT:

_____
David Nuffer
United States Magistrate Judge

.

---

[27] Rule 16 Motion to Amend Scheduling Order, docket no. 63, filed November 14, 2008.